Filed 2/19/15  P. v. George CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D066001 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN320305) |
| ALEXANDER S. GEORGE , | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Carlos O. Armour, Judge.  Affirmed.

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant

No appearance for Plaintiff and Respondent.

FACTUAL AND PROCEDURAL BACKGROUND

Defendant and Appellant Alexander S. George pled guilty to two counts of robbery growing out of a single incident in 2013 in which he flashed a shiny object at an

employee of a Taco Bell restaurant and demanded money from a cash register and then flashed the object at a second employee in an attempt to get her to open the restaurant's safe. (Pen. Code,[1] § 211.) Defendant also admitted that he personally used a deadly and dangerous weapon. (§ 12022, subd. (b)(1).) Defendant was sentenced to 25 years to life on count 1; the court also imposed a consecutive five-year term for a prior serious felony plus a one-year term for the personal use of a dangerous weapon. The court ordered the same sentence on the second robbery conviction in count 2, to be served concurrently, and struck a one-year prison prior. The court ordered defendant to pay various fines and fees, and awarded actual credits and section 2933.1 conduct credits.

Defendant filed a timely notice of appeal from the judgment, and the trial court granted his request for a certificate of probable cause. Appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), setting forth the facts of the case and requesting that we review the entire record. Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*), appointed counsel suggested the following as possible, but not arguable, issues on appeal: (1) Was defendant properly advised of the consequences of pleading guilty? (2) Was defendant advised of his constitutional rights, and did he waive them before he pleaded guilty? (3) Did the court abuse its discretion by declining to strike any of defendant's four strike priors? (4) Did the court give proper reasons for declining to exercise its discretion. (See *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 531-532; *People v Williams* (1998) 17 Cal.4th 148, 161.)

---

[1]     All further statutory references are to the Penal Code.

We granted defendant leave to file a brief on his own behalf, and he has done so. In his brief, supported by declarations from his mother, father and sister, he complains that he felt pressured by his retained counsel to change his plea and that his counsel suggested he would be sentenced to a maximum of 18 years.

We have independently reviewed the entire record and have found no reasonably arguable issues. (See *People v Wende*, *supra*, 25 Cal.3d at p. 438.) We therefore affirm.

## DISCUSSION

The record shows that on February 25, 2014, at the change of plea hearing, defendant indicated that he would be pleading guilty; that he understood the nature of the charges against him, the possible defenses and the consequences of his pleading guilty; that he had not taken any drugs, alcohol or other medication in the last 24 hours; and that he had enough time to go over his case with his attorney. The court reviewed the specifics of the change of plea form with defendant and added: "Do you understand that there is no agreement between you and the People for your plea and admission to those priors?" Defendant replied, "Yes."

The court also asked defendant if he understood the following: (1) the maximum consequence of his plea is 62 years to life; (2) he was subject to a $10,000 fine; (3) he was subject to parole for at least 10 years or for life; (4) that the offenses he was admitting to constituted two additional strikes; (5) he would be deported if he was not a citizen; (5) at sentencing, his attorney would present a motion for the court to consider striking some of the prior strikes—but the sentence would be up to the court's discretion and defendant "could very well be sentenced to 62-years-to-life"; (7) his future period of incarceration would count as a prison prior; his maximum credits would be 15 percent;

3

and, if he were to be sentenced to the full extent, it would be a life sentence. Defendant answered "yes" to all of the trial court's questions.

Defendant then admitted that on or about June 17, 2013, he committed two counts of robbery and personally used a deadly and dangerous weapon as to both counts; he also admitted all prior allegations. Defendant stipulated to the facts of the two current offenses as contained in the preliminary hearing transcript—as did defense counsel and the prosecutor. Defense counsel indicated that he concurred with defendant's entry of plea and waiver of constitutional rights. The court then accepted the plea of guilty by finding that defendant had made a voluntary, knowing, and intelligent waiver of his constitutional rights and that there was a factual basis for the admission.

At the April 21, 2014 sentencing hearing, the court indicated it had read and considered the probation officer's report, the prosecution's statement in aggravation, the defense statement in mitigation, including support letters, and the defense *Romero* motion. The probation report indicated that defendant's criminal record included four armed robberies at Taco Bell restaurants for which he was convicted in 2007. The court said it had reviewed case law "as to when the Court should exercise [its] discretion to striking strikes," and added, "[a]nd for me to do so, I think, would fall short of what a reasonable judge would do under these circumstances." The court said it had reviewed all factors, which included "the current and past offenses, his background, character and prospect in the future," and determined those factors do "not support a finding that relief under the three strikes law is warranted." The court concluded that it "would not be a reasonable exercise by this Court to grant" the defense motion. The court then denied the

4

defense motion to strike the prior strikes and sentenced defendant to 25 years to life plus six years.

In light of this record, we find no basis upon which to relieve defendant from his plea or the sentence imposed by the trial court.  Defendant has been competently represented by counsel on this appeal.

DISPOSITION

The judgment is affirmed.

_____

BENKE, Acting P. J.

WE CONCUR:

_____

O'ROURKE, J.

_____

AARON, J.

5